IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EDITH NORRIS                                                                                           PLAINTIFF

AND

WAL-MART ASSOCIATES AND NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH, PA                                  INTERVENORS

V.                                                                            CIVIL ACTION NO. 3:13-CV-108-SA-SAA

BOTTLING GROUP, LLC, formerly doing business
as PEPSI COLA GENERAL BOTTLERS, INC.,
and DIA PHILLIPS, Individually                                                                DEFENDANTS

## ORDER GRANTING MOTION TO SEAL OR RESTRICT ACCESS
## TO CERTAIN PLEADINGS

Presently before the Court is a Motion to Seal or Restrict Access to Certain Pleadings [74] filed by Defendants Bottling Group, LLC, formerly doing business as Pepsi Cola General Bottlers, Inc., and Dia Phillips. Having duly considered the motion, the Court finds that the same is well taken and is GRANTED IN PART.

Plaintiff brought this action alleging that, while working as an employee for Wal-Mart Associates, she received injuries as a result of Defendants' negligence. As a result of her injuries, Plaintiff made a claim for and received workers' compensation benefits. Wal-Mart Associates and National Union Fire Insurance Company, the employer and carrier, filed their Intervening Complaint against Defendants alleging entitlement to reimbursement of the amounts paid to or on behalf of Plaintiff under the Mississippi Workers' Compensation Act.

The parties have reached a settlement of all claims with the sum paid by Defendants being confidential. Whereas the settlement involves partial reimbursement of workers'

compensation benefits, the settlement must be approved by the Court pursuant to Mississippi Code Section 71-3-71, and thus the sum being paid by Defendants must be disclosed to the Court. Defendants have requested that the Petition for Approval of Third-Party Settlement and Order Approving Third-Party Settlement, which will be filed at a later date, be sealed or, alternatively, that access to those pleadings be restricted to court personnel and the attorneys of record.

The Court finds it appropriate, given the parties' desire to retain the confidential nature of the settlement amount and the lack of opposition to the present motion by either Plaintiff or Intervenors, to restrict access to the Petition for Approval of Third-Party Settlement, which shall be filed at a later date, to only court personnel and case participants. The parties are instructed to contact the Court Clerk directly prior to the filing of the Petition for specific instructions regarding compliance with this Order.

However, the Court declines at this time to restrict access to any forthcoming order either approving or disapproving settlement of this matter. While the Court is sensitive to the parties' request for confidentiality, such concerns are implicated significantly less by the Court's future ruling than by a petition for approval. Accordingly, the alternative relief sought by Defendants' in their Motion to Seal or Restrict Access to Certain Pleadings [74] is GRANTED IN PART.

SO ORDERED, this the 5th day of February, 2015.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE