IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDITH NORRIS                                                                                          PLAINTIFF

V.                                                                    CASE NO: 3:13-CV-108-SA-SAA

WAL- MART ASSOCIATES AND NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH, PA.                                   INTERVENORS

V.

BOTTLING GROUP, LLC, formerly doing business
as PEPSI COLA GENERAL BOTTLERS, INC., and
DIA PHILLIPS, INDIVIDUALLY                                                              DEFENDANTS

## ORDER APPROVING THIRD PARTY SETTLEMENT

This cause came on this day for hearing in the United States District Court, for the Northern District of Mississippi, Delta Division, on the sworn Petition for Approval of Third Party Settlement of Edith Norris, [hereinafter] Plaintiff, seeking authority for and approval of a compromise settlement as set out in said Petition. The Petition was joined in by the Employer, Wal-Mart Associates [hereinafter] and its workers' compensation insurance Carrier, National Union Fire Insurance Co. of Pittsburgh, PA, [hereinafter] Carrier, and by Bottling Group, LLC, formerly doing business as Pepsi Cola General Bottlers, Inc. and Dia Phillips, Individually, [hereinafter] Defendants.

The Court has examined the Petition and the compromise settlement proposed therein, has received evidence concerning same, has determined that Plaintiff is represented by competent legal counsel and is fully advised in the premises; and the Court is of the opinion that the proposed settlement is just, fair and equitable, is in the Plaintiff's best interest, and that the prayer of the Petition should be granted.

The Court finds that Plaintiff, Employer and Carrier, and Defendants have a bona fide dispute and disagreement as to the extent of permanent disability, if any, suffered by Plaintiff as a result of the accidental injuries set out in the Petition, and that the case is a proper one for disposition under the provisions of the Mississippi Workers' Compensation Act.

The Court further finds that Employer and Carrier have only paid medical as outlined in Petition, and that any outstanding medical bills, any liens, whether known or unknown, incurred or to be incurred, including but not limited to those from Humana and Benefits Recovery, are Plaintiff's responsibility to be paid out of the proceeds of said settlement or otherwise and are to remain Plaintiff's responsibility.

The Court further finds that Plaintiff has asserted a claim against Bottling Group, LLC, formerly doing business as Pepsi Cola General Bottlers, Inc., and Dia Phillips, Individually, Defendants, on account of the injuries allegedly received in this accident. Employer and Carrier, pursuant to the Mississippi Workers' Compensation Act, have also asserted a claim against any sum paid to Plaintiff for recovery of sums which they have expended and might be required to expend for Mississippi workers' compensation benefits as a result of these injuries sustained by Plaintiff. Plaintiff, Employer and Carrier, and Defendants have negotiated a compromise settlement of all claims as follows: (1) Plaintiff has agreed to accept and Defendants have indicated a willingness to pay to Plaintiff a confidential amount (settlement funds)[1] as a compromise settlement of any and all claims and demands which Plaintiff might have against Defendants; (2) Plaintiff and Employer and Carrier have agreed to fund the MSA, as a self- administered annuity account, as approved by CMS and further set out herein. Based on the

---

[1] By separate unopposed Motion, Defendant requested that the Petition for approval of third party settlement [Doc. 76], which set forth the dollar amount of the settlement, be sealed or otherwise restricted [Doc. 74]. This Court considered the Motion and entered an Order allowing access to only Court personnel and case participants [Doc. 75].

allocation provided by an MSA allocation firm, the total MSA payout will be $54,773.00, this amount representing $20,891.00 in future medical expenses and $33,882.00 in future prescription drug expenses; no non-Medicare expenses are included in this amount; (3) Defendants have agreed to pay from the settlement funds to Employer and Carrier the sum equal to the total of 50% of their lien of $117,825.19, as a reduction of Employer and Carrier's statutory lien, as well as full repayment of the lien for the cost of the annuity for the MSA in the amount of $42,385.06, pursuant to Mississippi Code Section 71-3-71 in full settlement and satisfaction of any and all claims and demands which Plaintiff might have for additional benefits paid or to be paid to Plaintiff pursuant to the Mississippi Workers' Compensation Act, or otherwise; (4) in return for the above-stated considerations Plaintiff and Employer and Carrier have agreed to execute, a full and complete release in favor of Defendants for any and all claims of every nature, whether known or unknown, which they might have or hereafter have against Defendants, and Plaintiff has also agreed to execute a full and complete release in favor of Employer and Carrier releasing them from any and all claims which Plaintiff has or might hereafter have against Employer and Carrier for Mississippi workers' compensation benefits including disability, medical or otherwise. A portion of the settlement funds are being used by Defendants and/or their insurer to purchase an annuity from Metropolitan Life Insurance Company that will provide monthly payments for Plaintiff's life, guaranteed for twenty (20) years beginning April 1, 2015. Plaintiff will receive a lump sum payment of the remaining settlement funds.

The Court and the parties have considered Plaintiff's future medical treatment and other needs as of the time of this settlement, and have specifically considered the implications of 42 U.S.C. § 1395(y). This settlement has been presented to the Centers for Medicare and Medicaid Services (CMS), for approval of a Medicare Set-Aside. After review of the medical evidence, CMS agreed with the recommended Medicare Set-Aside amount of $54,773.00. A copy of the November

3

10, 2014, letter from CMS is attached hereto and incorporated herein. The Plaintiff has been specifically advised that she is to abide by the requirements governing the Workers' Compensation Medicare Set-Aside as a funded structured settlement prior to submitting any bills to Medicare in connection with the subject injury.

The Court further finds that the nature of the dispute in this case is such that the Court has authority to approve this settlement pursuant to the provisions of Sections 71-3-71 and 71-3-29 of the Mississippi Code.

The Court further finds that Plaintiff represents that no Medicaid benefits have been paid as a result of the injuries allegedly received by Plaintiff in the accident described in the Petition for Approval of Third Party Settlement, and that any Medicaid, Medicare and/or CHAMPVA/Tricare benefits which may have been paid to or on behalf of the Plaintiff have been in connection with medical problems totally unrelated to the alleged injuries which are the subject matter of this claim.

The Court finds nothing objectionable about the terms or amount of the proposed settlement and is satisfied that the Plaintiff understands its import and effect and is further of the opinion that it would be in the Plaintiff's best interest for this compromise settlement to be approved.

Plaintiff has employed Philip A. Stroud, Esquire, as her personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiff and her attorney agree that this settlement as proposed would be, all things considered, in the best interest of Plaintiff. Plaintiff's attorney has rendered the usual services and is entitled to a reasonable fee and expenses pursuant to the Contract of Employment with Plaintiff and as provided by law, and Plaintiff requests authority to pay this fee and expenses out of the proceeds of this settlement.

IT IS, THEREFORE, ORDERED that the proposed settlement be, and the same is hereby, approved as being in the best interest of Plaintiff and that upon consummation of this settlement, Defendants be, and are hereby, fully, finally, and forever acquitted and discharged from any and all

liability to Plaintiff on account of all personal injuries sustained by Plaintiff in this accident and that Employer and Carrier be, and they are hereby, fully and forever acquitted and discharged from any and all liability to Plaintiff under the Mississippi Workers' Compensation Act, or otherwise, on account of all accidental injuries sustained by Plaintiff as set out in the petition.

IT IS FURTHER ORDERED that Plaintiff be and she is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Employer and Carrier and Defendants may require evidencing their complete release in the premises. Plaintiff is further authorized to pay to Philip A. Stroud, her attorney, a reasonable fee and expenses pursuant to the Contract of Employment with Plaintiff and as provided by law out of the proceeds of this settlement.

Whereas the Court has approved the proposed settlement of all claims, this action is hereby dismissed without prejudice. The Court retains complete jurisdiction to reopen this action upon cause shown that settlement has not been completed and further litigation is necessary. The parties shall notify the Court promptly upon completion of settlement in order that this matter may at that time be finally dismissed with prejudice.

SO ORDERED this the 11th day of February, 2015.

    /s/ Sharion Aycock\
    UNITED STATES DISTRICT JUDGE